JUDGE PETERS
delivered the opinion of the court.
Having contracted in writing with the council of the city of Paducah to grade and gravel Chestnut Street in said city at the cost of the owners of lots fronting said street, A. S. Jones brought this suit in equity against H. Kughler in 1867, as the owner of lot No. 184, in block No. 20, fronting Chestnut Street, to coerce the collection of $218.75, the amount alleged to be due him from said Kughler for grading and graveling said street in front of and adjacent to his Said lot, by the. enforcement of an alleged lien on the same.
In May, 1869, this suit was transferred to the McCracken Circuit Court, and in April, 1870, J. B. Barnes, on a petition filed for that purpose, was made a defendant, and his petition was taken as his answer, and was also considered as a cross-petition against A. S. Jones, John Kirtz, Kughler, and L. D. Husbands. And the suit of A. S. Jones v. Kughler and a suit of John Kirtz against the same were consolidated; but the suit of Kirtz v. Kughler will not be again referred to in this opinion, because on final hearing it was determined that Kughler owed him nothing.
In June, 1868, A. S. Jones brought a second suit in equity against Kughler, and alleged that Rodney Case and wife, in June, 1860, sold and conveyed said lot No. 184, in block No. 20, in Paducah, to Kughler for the consideration of eight hundred dollars, of which sum two hundred dollars were paid in hand, and for the residue Kughler executed three notes, for two hundred dollars each, payable in one, two, and three *220 years, carrying.interest from date, and to secure the payment a lien was retained in the deed on the estate conveyed; that the notes maturing one and two years from date had been paid, but that the one which matured three years from date, with the accrued interest, was unpaid; that Case, the payee, had for a valuable consideration assigned said note to him, and he alleged he had a lien on said lot for its payment, and prays for a foreclosure of his lien, for a sale of the property, and the satisfaction of his debt. He alleged that Kughler was then a non-resident.
On the 9th of September, 1869, B. G. Brazelton and A. S. Jones brought a suit in equity against Kughler, alleging that by an ordinance of the city council, and a contract in conformity thereto with Jones, he had improved by grading and graveling Clark Street in said city, at the cost of the owners of lots fronting said street; that Kughler’s said lot No. 184, block 20, fronted and was adjacent to Clark Street; that the improvement was completed in- 1868, and by the estimate made by the city engineer Kughler’s property was assessed to pay $77.38, for which there was a lien, and which they prayed might be enforced, and a part of the lot sufficient to pay the debt be sold, and the money paid to Brazelton, to whom it is alleged Jones had assigned the debt.
The two actions of Jones v. Kughler and the one of Jones and Brazelton against same were at the April term, 1870, consolidated and ordered to be heard together; and Barnes’s answer, cross-petition, and interrogatories to Husbands were filed in the consolidated cases.
Barnes, in his answer and cross-petition, in substance states that on the 5th of November, 1868, an execution issued from the clerk of the McCracken Common Pleas Court in favor of Thomas H. Barnes against H. Kughler for $597.60; and while the same was in full force it was placed in the hands of the sheriff of said county, and on the 18th of December, *221 1868, he levied it on part of lot 184, in block 20, being the same conveyed by R. Case to said Kughler; and on the 9th of January, 1869, the sheriff sold the lot to the highest bidder, when he (Barnes) became the purchaser at $597.60, the amount required to. satisfy the execution; that on the 13th of April, 1870, the sheriff conveyed the lot to him, no one having redeemed it; and that by reason of said sale, purchase, and conveyance of the sheriff he claims a lien on it for the amount paid by him to the sheriff, with ten per cent thereon from the date of his purchase. After referring to the suits heretofore named, he alleges that L. D. Husbands is claiming a lien on eighty-four feet of the front pai’t of said lot, and fronting fifty-seven feet nine inches on Clark Street, as purchaser at attachment sale, at the suit of B. Hodge & Co. against said Kughler and others, in the Livingston Circuit Court. But if a pui’ehaser at all, he was only a Us pendens purchaser, and can only hold subject to the prior and superior lien of himself, said Barnes, and Jones and others, of whose liens he was apprised when he purchased. He further charges that Husbands purchased the property for Kughler, and prays that his claim be adjudged supeifior to all othei’s, and that the lot be sold to pay to him the money he bid for the same under Barnes’s execution aforesaid; and to that end he makes his answer a cross-pleading against Husbands, Jones, and Brazelton, and annexes thereto quite a number of elaborate interrogatories to Husbands.
Husbands, on his petition, was made defendant to said consolidated suits, and after stating the object of each one he alleges that previous to the institution of said suits Blount Hodge brought a suit, with attachment, against one Vanpelt and said Kughler, in the Livingston Circuit Court, for a large sum of money; and before any of said consolidated suits had been instituted he caused his attachment to be levied on the lot then owned by Kughler; that said suit of Hodge was *222 prosecuted to final judgment, his attachment sustained, and said lot subjected to sale to pay the sum of two thousand two hundred and seventy-seven dollars, and a special commissioner appointed to sell the same, who executed the judgment as therein directed, when he (Husbands) purchased fifty-seven and three fourths feet of said lot, fronting on Clark Street and running back eighty-four feet, at and for the price of two thousand two hundred and seventy-seven dollars, the amount of Hodge’s debt; that he complied with the terms of the sale, which the court afterward confirmed, and ordered a deed to be made to- him for the part of the lot which he purchased, which was done, the deed approved by the court, and that he had paid all the purchase-money; that there was left unsold of said lot seventy-nine feet on Chestnut Street, running back at right angles fifty-seven and three fourths feet, which is sufficient, as he alleges, to satisfy the demands of Jones, Brazelton, etc.; that Kughler is insolvent and a non-resident; and he prays that the part of the lot remaining after what he purchased is taken therefrom be subjected first to the satisfaction of the lien-claims, if there be any such. Pie answered the interrogatories of Barnes in the negative, and denying and putting in issue all the material allegations of his cross-petition. He made the suit of Hodge against "Vanpelt and Kughler in the Livingston Circuit Court, with the judgment of sale, the master’s report thereof, his deed to Husbands, and the court’s approval of the same, parts of his answer, and filed a transcript of the record, from which it appears that Hodge sued out an attachment, directed to the sheriff of McCracken County, against the estate of Kughler, and the same .was levied by the sheriff on the lot in controversy as early as January, 1866; that the attachment was sustained and the property adjudged to be sold, and that the same was sold, when Husbands purchased the part claimed by him at the price and in the manner set forth in his answer.
*223 On the final hearing the court below adjudged the two debts in favor of Jones and the one in favor of Brazelton against Kughler, and that they had liens on said lot sold by Case to Kughler for their respective debts, and that they were superior to the claim of Husbands and Barnes; and as the judgments in favor of Jones and Brazelton aggregated the sum of $700.03, which sums he apportioned between Husbands’s part and the residue, which he adjudged to Barnes, according to the relative value of the two parts, and fixing the value of Husbands’s part at $3,700 and the other at $500, he adjudged that so much of Husbands’s portion should be sold as should be required to pay $616.66, and enough of the residue to be sold to pay $83.35; and from that judgment Husbands has appealed.
There can be no doubt that before Barnes purchased, and even before there was any judgment and execution under which he claims, there was a lis pendens, and, so to speak, a caption of the specific lot in controversy for the satisfaction of Hodge’s debt; and this gave him a prior lien on the property to other general creditors. After Hodge’s attachment was levied on the lot it was in the custody of the law and under the entire control of the chancellor, and could not be levied on and sold by execution to affect his lien; and his attachment having been sustained, he had a preference over all other general creditors. The liens of Jones and Brazelton were superior, but as Hodge’s attachment was levied on the whole property, and it required only a part of it to pay his debt, the chancellor would exhaust the residue to pay Jones and Brazelton, and then for whatever remained unpaid of their debts would subject the portion purchased by Husbands.
When the j udgment was rendered and the execution issued under which Barnes purchased, Hodge’s attachment had been levied on the property, whereby he acquired a lien on it subordinate only to Jones’s and Brazelton’s claims; and if Barnes *224 acquired any thing by his purchase at the execution sale, it could only be to ivhat would remain after satisfying the debts of Jones, Brazelton, and Hodge; and Husbands having bought at the sale to satisfy Hodge’s debt, whose lien was superior to Barnes’s, he will be preferred; otherwise Hodge would have accomplished nothing by his vigilance.
The judgment must therefore be reversed, and the cause remanded with directions to render judgment subjecting that part of the lot which was not sold to satisfy Hodge’s judgment first to pay the debts of Jones and that of Brazelton, and if after selling that any part of said debts should remain unpaid, so much of the portion of the lot purchased by Husbands should be ordered to be sold as would satisfy the remainder of said debts.